IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHARIF HAMZAH a/k/a GREGORY MCCOY,

                Plaintiff,

v.                                                    OPINION and ORDER

U.S. DEP'T OF ED.—DEFAULT RESOLUTION GRP.       22-cv-385-jdp
and UNITED STATES OF AMERICA,

                Defendants.

---

Pro se plaintiff Sharif Hamzah alleged that defendants failed to discharge fraudulent student loans. I allowed Hamzah to proceed on: (1) a Federal Tort Claims Act (FTCA) negligence claim against defendant United States; and (2) a Higher Education Act (HEA) damages claim and Administrative Procedures Act (APA) claim against defendant U.S. Department of Education—Default Resolution Group (Department of Education). Defendants have filed a motion for partial dismissal, which Hamzah didn't respond to. Dkt. 10. I will grant the motion in part and dismiss Hamzah's HEA damages claim. But I will allow Hamzah to proceed on an HEA claim for discharge of the allegedly fraudulent student loans. I did not allow Hamzah to proceed on an APA claim for damages, so I will deny defendants' request to dismiss that claim as moot.

ANALYSIS

**A. FTCA**

The FTCA bars a plaintiff from bringing a tort claim for damages against the United States unless he has "previously submitted a claim for damages to the offending agency." *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014); *see also* 28 U.S.C.

§ 2675(a). If the plaintiff brings this claim without meeting this administrative exhaustion requirement, the claim must be dismissed. *See id.* at 780, 789. The argument that the plaintiff failed exhaust administrative remedies under the FTCA may, in some cases, be brought in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See id.* at 782 & n.1.

Defendants contend that Hamzah failed to file an administrative claim with the Department of Education before he filed this lawsuit, but they haven't submitted any evidence supporting this contention even though they likely bear the burden of proof on this point. *See Neuman v. United States*, No. 07-cv-0362, 2008 WL 2959875, at *4 (S.D. Ill. July 31, 2008). Nor have defendants explained the legal significance of Hamzah's failure to respond to their motion. *See* Dkt. 13. I cannot grant defendants' Rule 12(b)(6) motion simply because Hamzah failed to respond. *See Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021). This case is distinguishable from *Smoke Shop* because the plaintiff in that case *expressly conceded* that it failed to file a formal administrative claim before bringing its federal lawsuit. *See* 761 F.3d at 787. I will deny defendants' request to dismiss Hamzah's FTCA claim for failure to exhaust.

B.  **HEA**

Generally, the HEA requires the Department of Education "to discharge the student loans of falsely certified students." *Smith v. U.S. Dep't of Educ.*, No. 18-cv-348, 2019 WL 4038313, at *5 (N.D. Ind. Aug. 27, 2019); 20 U.S.C. § 1087(c). As relevant here, the "implementing regulations provide that borrowers may obtain false-certification discharges by proving that the signatures on their loan documents are unauthorized." *Id.*; *see also* 34 C.F.R. § 682.402(e); *Haddad v. Dominican Univ.*, No. 06C0506, 2007 WL 809685, at *4 (N.D. Ill. Mar. 15, 2007). The Seventh Circuit has stated that the HEA authorizes litigation by a private plaintiff against the Department of Education for at least some forms of non-injunctive relief.

*See Slovinec v. DePaul Univ.*, 332 F.3d 1068, 1069 (7th Cir. 2003); *Omegbu v. U.S. Dep't of Treasury*, 118 F. App'x 989, 990 (7th Cir. 2004); *see also* 20 U.S.C. § 1082(a)(2).

Defendants contend, and Hamzah does not dispute, that the HEA's waiver of sovereign immunity does not extend to claims for money damages, and they cite several non-binding cases to support this contention. *See* Dkt. 11 at 8–11. The Seventh Circuit has stated that the HEA authorizes litigation by private parties against the Department of Education in some cases, but I agree that *Slovinec* and *Omegbu* cannot be read broadly enough to authorize private actions for money damages.

But, at this early stage, I disagree that the HEA must be read to authorize only declaratory relief actions under the APA. Defendants' argument on this point is undeveloped, which forfeits it for purposes of the motion for partial dismissal. *See Dilley v. Holiday Acres Properties, Inc.*, No. 16-cv-91-jdp, 2017 WL 2371295, at *7 (W.D. Wis. May 31, 2017). In any case, *Omegbu* suggests that the HEA authorizes some forms of "non-injunctive relief" against the Department of Education independently of the APA. *See Omegbu*, 118 F. App'x at 990; *see also Thomas v. Bennett*, 856 F.2d 1165, 1168 (8th Cir. 1988) (stating that the HEA may authorize declaratory and "such other relief as is just and equitable"). Because defendants have yet to show that the HEA does not independently authorize an action for the discharge of an allegedly fraudulent student loan, I will allow Hamzah to proceed on this claim.

**C. APA**

Defendants move to dismiss Hamzah's purported claim for money damages under the APA. This argument is moot because, though I could have stated this more clearly in my screening order, Hamzah's APA claim is based on only his request for discharge of the allegedly

3

fraudulent student loans in his name. *See Veluchamy v. FDIC*, 706 F.3d 810, 812 (7th Cir. 2013) (the APA does not authorize claims for money damages).

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial dismissal, Dkt. 10, is GRANTED in part.

2. Plaintiff's HEA damages claim is DISMISSED with prejudice.

3. The court's screening order, Dkt. 4, is clarified to reflect that Hamzah is proceeding on HEA and APA claims for discharge for the allegedly fraudulent student loans in his name.

4. The clerk of court is directed to send plaintiff a copy of this order.

Entered October 18, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge