IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHARIF HAMZAH a/k/a GREGORY MCCOY,

    Plaintiff,

v.                                                                                       ORDER

U.S. DEP'T OF ED.—DEFAULT RESOLUTION GRP.         22-cv-385-jdp
and UNITED STATES OF AMERICA,

    Defendants.

---

Plaintiff moves for the issuance of subpoenas against defendant U.S. Department of Education and former defendant Great Lakes Educational Loan Services. Dkt. 20. The court will DENY this motion in part and DENY it without prejudice in part.

The court will not issue a subpoena against the U.S. Department of Education because it is a defendant in this case, which means that plaintiff may seek the documents he contends it possesses through regular discovery requests.

The court will not issue plaintiff's subpoena request against Great Lakes at this time. Plaintiff contends that he needs records of all telephone conversations between him and Great Lakes regarding a specific student loan account, and copies of all promissory notes or "official documentation" directly related to several loans. But it's unclear why he needs these records. The thrust of his claims is that the U.S. Department of Education unlawfully failed to discharge student loans that were the product of unauthorized signatures. It's unclear, for instance, how recorded conversations between plaintiff and Great Lakes would bear on the lawfulness of the U.S. Department of Education's decision not to discharge the student loans based on plaintiff's allegations of fraud. Defendants have provided the administrative record, and plaintiff hasn't explained why the documents it contains are insufficient to evaluate his *remaining* claims.

Furthermore, even assuming¸ *arguendo*, that Hamzah's subpoena requests seek information that actually is relevant, the subpoenas are overbroad. For instance, it is unclear why Hamzah would need "all . . . official documentation" related to several student loans to establish that the federal government's failure to discharge the allegedly unauthorized loans was negligent or arbitrary or capricious.

Plaintiff may renew his subpoena request against Great Lakes, but he will have to fix the problems identified in this order. Alternatively, plaintiff may wish to file a discovery request with defendants to obtain the documents that seeks to obtain from Great Lakes, as defendants may have copies of those documents.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion for subpoenas, Dkt. 20, is DENIED IN PART and DENIED WITHOUT PREJUDICE in part, in the manner set forth above.

2. The Clerk of Court is directed to send plaintiff a copy of this order.

Entered November 6, 2023.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge