IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHARIF HAMZAH a/k/a GREGORY MCCOY,

                Plaintiff,

v.                                                                                                              OPINION and ORDER

U.S. DEP'T OF ED.–DEFAULT RESOLUTION GRP.                          22-cv-385-jdp
and UNITED STATES OF AMERICA,

                Defendants.

---

      Sharif Hamzah, proceeding without counsel, filed this lawsuit against the United States Department of Education and other defendants, alleging that they failed to discharge fraudulent student loans. The case has been pared down somewhat by previous orders of this court, which dismissed some defendants and some claims. Dkts. 4, 16. As refined by those orders, Hamzah is proceeding on: (1) a Federal Tort Claims Act (FTCA) negligence claim against defendant United States; (2) a Higher Education Act (HEA) claim against defendant U.S. Department of Education–Default Resolution Group (Department), seeking an order directing the Department to discharge the loans; and (3) an Administrative Procedures Act (APA) claim against the Department for the same relief.

      Defendants move for summary judgment on Hamzah's FTCA and HEA claims. Dkt. 32; *see also* Dkt. 40 (text-only order authorizing defendants to file the motion). Defendants contend that Hamzah's FTCA claim must be dismissed because he failed to exhaust his administrative remedies prior to filing his lawsuit. As for the HEA claim, defendants say the claim must be dismissed because only the Secretary of Education has the authority to discharge student loan debt, there is no private right of action under the HEA for a borrower to seek a court-ordered discharge of a student loan debt, and Hamzah's request for loan discharge violates the HEA's

anti-injunction provision. Defendants say Hamzah's only remedy is to challenge the Department of Education's decisions through the review mechanism provided by the APA.

I agree with defendants. Hamzah did not exhaust his FTCA claim. And his request that I discharge or "delete" his student loans with the Department of Education is the functional equivalent of an injunction, which exceeds the limited grant of sovereign immunity provided for in the HEA. So I will grant defendants' motion and dismiss the FTCA and HEA claims.

Also before me is a motion by Hamzah for permission to amend his complaint to include a claim for $3 million in damages against Nelnet, a debt collector who has been asking Hamzah for payment on the disputed student loans. Dkt. 47. I will deny this motion because Hamzah's allegations fail to state a claim for relief. This case will proceed with only Hamzah's APA claim.

FACTS

The material facts are not in dispute. Hamzah attended the University of Minnesota from fall 1982 through spring 1984, and again from fall 1991 through spring 1993. In January 2021, when Hamzah contacted the university to ask about graduation, he apparently learned that there were holds on his account related to approximately $53,000 in student loans that he says he had not taken out while he was a student. Hamzah tried to address the issue with the university, but was told that it would not lift the hold until the Department of Education sent a letter authorizing it to do so. According to the complaint, Hamzah then contacted Great Lakes Educational Services, and someone there told him that "a consolidation of the loans would allow him to have the hold lifted while the facts of the fraudulent loans could be sorted out." Dkt. 1, at 3. Hamzah subsequently consolidated his loans, but the hold remained intact, and his subsequent efforts to resolve the issue with Great Lakes failed.

Title IV of the Higher Education Act of 1965 governs federal financial aid mechanisms, including student loans. 20 U.S.C. § 1070(a). Under the act and its implementing regulations, the Secretary of Education is authorized to discharge a student loan if it was falsely certified, either because of identity theft or forgery. § 1087(c); 34 C.F.R. § 685.215(a); 34 C.F.R. § 685.215(c)(5).[1]

Hamzah filed applications with the Department of Education seeking both a false certification discharge and a discharge due to forgery. After reviewing these applications, as well as additional documentation related to the underlying student loans under Hamzah's name, the Department concluded that Hamzah did not meet his burden in establishing that his student loan debt was the result of forgery. As a result, it denied him an administrative discharge.

After receiving notification of the adverse decision on his discharge application, Hamzah sent the following letter to the Department on May 6, 2022. The letter states:

> Your organization has ignored my repeated request to resolve the matter of fraudulent loans in my name. Therefore, this is my final request for you to delete all fraudulent loans you've attributed to me & compensate me monetarily.
>
> Finally, if I don't get a response within the week, I will be filing litigation in the United States District Court for the Western District of Wisconsin for remedy.

Dkt. 38-2.

The record contains a single correspondence from the Department's Default Resolution Group after Hamzah sent this letter. The Department acknowledged that Hamzah was

---

[1] See also https://fsapartners.ed.gov/knowledge-center/library/electronic-announcements/2020-02-12/new-form-forgery-loan-discharge-process-ed-held-loans (describing process for obtaining discharge of debts alleged to have been the result of forgery by an unknown person).

dissatisfied with its determination that he was not eligible for a discharge based on forgery, but it affirmed that its position "has not changed." Dkt. 15, at 25. The Department also acknowledged that Hamzah stated an intent to "file suit" against the Department, and it provided an address where Hamzah should send his legal documents. *Id*.

## ANALYSIS

As the moving parties, defendants are entitled to summary judgment if they show that there are no genuine issues of material fact and they are entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). I view the evidence in the light most favorable to Hamzah and draws all reasonable inferences in his favor. *Miller v. Am. Fam. Mut. Ins. Co.*, 203 F.3d 997, 1993 (7th Cir. 2000)

Hamzah opposes the motion on the ground that I previously ruled that he could proceed on his FTCA and HEA claims. Dkt. 41. But those rulings were preliminary and did not decide the issues presented by defendants' motion. As for defendants' earlier motion to dismiss the FTCA claim for failure to exhaust, I denied the motion because defendants did not submit any supporting evidence. Dkt. 16, at 2. That ruling did not preclude defendants from reasserting a properly supported exhaustion defense, which they have now done. As for the HEA claim, I ruled that although defendants had established that the HEA's waiver of sovereign immunity did not extend to money damages, they had not adequately developed their argument that the HEA did not authorize an action for the discharge of an allegedly fraudulent student loan. *Id*. at 3. But I found the argument forfeited only for "purposes of the motion of partial dismissal," meaning that defendants were not precluded from presenting a fully-

developed argument for dismissal later in the case. *Id*. So defendants' motion is properly before the court.

**A.  FTCA exhaustion**

Under the Federal Tort Claims Act, an individual may bring a claim against the United States "for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). A plaintiff may not bring such a suit unless he has first presented his claim to the appropriate federal agency and that agency has denied the claim. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a). The applicable regulations provide that a claim is deemed "presented" when a federal agency receives from a claimant an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for property loss, personal injury, or death alleged to have occurred by reason of the incident. 28 C.F.R. § 14.2(a). All that is required is "sufficient notice to enable the agency to investigate the claim." *Palay v. United States*, 349 F.3d 418, 426 (7th Cir. 2003) (internal quotations omitted). The purpose of the regulation is to allow the agency to make a fully informed assessment of the claim, including whether to negotiate a settlement. *Id*. If a plaintiff fails to exhaust administrative remedies before he brings suit, the court must dismiss his FTCA claim. *Id*. at 425.

The Court of Appeals for the Seventh Circuit applies the presentation requirement loosely, requiring only that the written notification specify "facts plus a demand for money." *Khan v. United States*, 808 F.3d 1169, 1173 (7th Cir. 2015). The claimant need not ask for a specific sum, but he must make it clear that he is demanding payment. *Chronis v. United States*, 932 F.3d 544, 547 (7th Cir. 2019). If the written notification specifies "facts plus a demand

5

for money," then "the claim encompasses any cause of action fairly implicit in the facts." *Khan*, 808 F.3d at 1173 (quoting *Murrey v. United States*, 73 F.3d 1448, 1452 (7th Cir. 1996)). Even a skeletal description of the alleged harm will suffice, so long as it is plain to a legally trained reader that the claimant "intend[s] to bring a tort suit against it[.]" *Smoke Shop, LLC v. United States*, 761 F.3d 779, 788 (7th Cir. 2014).

Here, it's undisputed that the Department was on notice from Hamzah's May 6, 2022, letter that Hamzah intended to file a lawsuit against it. But I agree with the defendants that a legally trained reader would not have understood from Hamzah's terse letter that he was describing a tort claim. Instead, given the timing of the letter (as well as the fact that it was not presented on the Standard Form 95) and the absence of any specific facts alleging any breach of duty apart from the agency's refusal to discharge the loans, the agency would have logically understood Hamzah to be asking the Department to reverse its decision on his application for discharge of the loan debt, and threatening to sue it if it didn't.

It's true that Hamzah added a request that the Department "compensate me monetarily." But I am not persuaded that this offhand request is alone enough from which a legally trained reader would have understood that Hamzah was stating a tort claim. Hamzah never said what he was requesting compensation for, and his letter didn't provide any facts from which it would have been clear that he was seeking tort damages. So I must dismiss Hamzah's FTCA claim for lack of exhaustion.

## B.  HEA claim for loan discharge

As noted, I previously ruled that the HEA does not authorize private actions for money damages. Dkt. 16, at 3. But I was not persuaded that Hamzah could not assert a claim under the HEA for loan discharge, finding defendants' argument on that point insufficiently

6

developed. *Id*. Armed with more authority, defendants now reassert their argument that Hamzah cannot assert a claim under the HEA for discharge of his student loan debt. Defendants assert three reasons that Hamzah's HEA claim must be dismissed: (1) under the controlling statutes and regulations, only the Secretary can decide whether to discharge a student loan debt; (2) there is no private right of action under the HEA for a borrower to seek a court-ordered discharge of a student loan debt; and (3) a court-ordered discharge would violate the HEA's anti-injunction provision, 20 U.S.C. § 1082(a)(2).

I conclude that it is unnecessary to decide the first two issues because the third is dispositive. Under the doctrine of sovereign immunity, the United States cannot be sued unless it consents. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The HEA waives sovereign immunity by allowing the Secretary to "sue and be sued," but it forbids any court from issuing any "attachment, injunction, garnishment, or other similar process" against the Secretary. 20 U.S.C. § 1082(a)(2).

Hamzah asks me to "delete all fraudulent loans from [Education's] records" or to discharge his student loan debt. As defendants persuasively argue, a judgment to this effect would preclude the United States from collecting on the outstanding balance owed, thus making Hamzah's claim injunctive in nature. And even if I construe Hamzah's complaint as seeking merely a declaration that the loans were procured by forgery, the result would be the same: the Department would be enjoined from ever collecting the debt. As other courts have concluded, "the anti-injunction bar cannot be skirted by the simple expedient of labeling an action that really seeks injunctive relief as an action for 'declaratory relief.'" *Am. Ass'n of Cosmetology Sch. v. Riley*, 170 F.3d 1250, 1254 (9th Cir. 1999); *see also Green v. United States*, 163 F. Supp. 2d 593, 597 (W.D.N.C. 2000) ("action that seeks to prohibit the government

7

from collecting a debt seeks injunctive relief" and was barred under HEA's anti-injunction provision); *Carr v. DeVos*, 369 F. Supp. 3d 554, 560 (S.D.N.Y. 2019) ("the limited waiver of sovereign immunity does not allow declaratory relief that functions as injunctive relief by another name"); *Dennis v. U.S. Dep't of Educ.*, No. CV DKC 19-2064, 2020 WL 6450212, at *5 (D. Md. Nov. 3, 2020) (plaintiff's requests for declarations that he had paid all outstanding loans in full and that he had overpaid such that he was owed funds were "disguised request[s] for injunctive relief" that were barred by sovereign immunity); *Chinnock v. Navient Corp.*, No. 1:18-CV-2935, 2019 WL 1767310, at *3 (N.D. Ohio Apr. 22, 2019) (where purpose of the sought declaration was to prevent the Department from continuing its debt collection efforts, it had the same "purpose and effect" as injunction and was barred under HEA's anti-injunction clause); *but see Dowd v. United States Dep't of Educ.*, No. 3:20-CV-713-N, 2021 WL 1865191, at *2 (N.D. Tex. May 10, 2021) (anti-injunction provision did not apply where plaintiff did not seek to enjoin the government from collecting a debt that exists, but asked for declaration that no debt existed for government to collect).

The two cases cited in my previous order, *Omegbu v. U.S. Dep't of Treasury*, 118 F. App'x 989, 990 (7th Cir. 2004), and *Thomas v. Bennett*, 856 F.2d 1165, 1168 (8th Cir. 1988), are not inconsistent with this conclusion. Both cases involved challenges to the authority of the Secretary of Education to collect defaulted federally guaranteed student loans through offset against borrowers' federal income tax refunds or social security benefits. In *Thomas*, the court concluded that the HEA's anti-injunction provision barred the borrower's request for injunctive relief against the Secretary to prevent the collection of her past-due balance through the tax refund offset procedure. 856 F.2d at 1168. But the court found, with no analysis, that the district court had jurisdiction because the plaintiff has also requested declaratory relief and

8

"such other relief as is just and equitable." *Id.* It does not appear that the Secretary argued that the plaintiff's request for declaratory relief was the functional equivalent of an injunction, because the court did not analyze that question. The same was true in *Omegbu*, where the Seventh Circuit stated only that Omegbu's suit for "non-injunctive relief" was not barred by sovereign immunity, again with no analysis of the practical consequences of the plaintiff's request for relief. *Omegbu*, 118 F. App'x at 990 (citing *Thomas*, 856 F.2d at 1168). And in any event, neither Thomas nor Omegbu was challenging the underlying debt, as Hamzah does in this case. *Thomas*, 856 F.2d at 1169 ("Thomas has not asserted that her loan has become substantively unenforceable."); *Omegbu*, 118 F. App'x at 991 ("Omegbu no longer disputes the debt; instead, he challenges the legality of the offset."). So neither *Thomas* nor *Bennett* specifically answers the question whether Hamzah can proceed under the HEA on his claim for loan discharge.

In the absence of clear authority from the Seventh Circuit, I agree with the courts above that have concluded that an action for declaratory or for other nominally non-injunctive relief that has "the practical effect of forcing the Secretary to take certain actions" is barred under the HEA's anti-injunction provision. I further conclude that Hamzah's request for loan discharge, even if reframed as asking for a declaration that the loan was fraudulent, would have this effect, because it would foreclose the Secretary from ever attempting to collect on the loans. So it is barred under 20 U.S.C. § 1082(a)(2). This does not leave Hamzah without a remedy: as the Secretary concedes, he can litigate the Secretary's final decisions under the Administrative Procedures Act, pursuant to which he may be entitled to declaratory relief. But sovereign immunity bars him from proceeding directly for loan discharge under the HEA.

9

## C. Motion to amend complaint

Hamzah has filed a motion to amend his complaint to include a claim for $3 million in damages against Nelnet, a debt collector that has been asking Hamzah for payment on the disputed student loans. Dkt. 47. All Hamzah says is that his student loan debt has been assigned to Nelnet, that Nelnet has attempted to collect on the debt, and that plaintiff has asked Nelnet in writing to stop its collection attempts. Hamzah does not say what cause of action he would like to pursue against Nelnet or even why he thinks he has a legal claim against it. I am not aware of any cause of action that permits a debtor to sue a debt collector merely because the debtor disputes the validity of the debt. So I will not allow Hamzah to amend his complaint.

## ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment, Dkt. 32, is GRANTED.
2. Plaintiff's FTCA and HEA claims are DISMISSED.
3. Plaintiff's motion to amend the complaint, Dkt. 47, is DENIED.

Entered November 21, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge