IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHARIF HAMZAH a/k/a GREGORY MCCOY,

                Plaintiff,

v.                                                                                          OPINION and ORDER

U.S. DEP'T OF ED.–DEFAULT RESOLUTION GRP.                     22-cv-385-jdp
and UNITED STATES OF AMERICA,

                Defendants.

---

Plaintiff Sharif Hamzah, proceeding without counsel, filed this lawsuit against the United States Department of Education and other defendants, alleging that they failed to discharge fraudulent student loans taken out in Hamzah's name. In a previous order, I granted summary judgment to defendants on most of Hamzah's claims. Dkt. 48. The only claim that remains is an Administrative Procedure Act (APA) claim against the Department of Education for arbitrarily and capriciously failing to discharge the student loans.

Hamzah now moves to supplement the administrative record with a range of letters, email correspondence, affidavits, and other documents. Dkt. 59. I will allow Hamzah to supplement the record with loan summaries from his Department of Education account, because these summaries show ID numbers for the allegedly fraudulent loans, which Hamzah says the department had access to but failed to consider in determining whether the promissory notes he signed for the loans match the loans currently listed in his name. But I will not allow Hamzah to add any other documents, because the other documents either postdate the department's administrative decision or are irrelevant to whether the decision was arbitrary and capricious.

ANALYSIS

The APA authorizes courts to set aside agency actions found to be "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Judicial review under the APA is typically confined to the administrative record prepared by the agency. 5 U.S.C. § 706; *Protect Our Parks, Inc. v. Buttigieg*, 39 F.4th 389, 402 (7th Cir. 2022). But courts may allow supplementation of the record when: (1) supplementation is necessary to determine whether the agency considered all relevant factors and explained its decision; (2) the agency has relied on documents not in the record; (3) supplementing the record is necessary to explain technical terms or complex subject matter; or (4) the plaintiff makes a showing of agency bad faith. *Harrisonville Tel. Co. v. Illinois Com. Comm'n*, 472 F. Supp. 2d 1071 (S.D. Ill. 2006) (citing *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973) and citing *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419–20 (1971)). A party seeking to supplement the record must make a "strong showing" that one of these circumstances applies. *Overton Park*, 401 U.S. at 420.

Hamzah moves to supplement the administrative record with 22 documents he filed in this case. Dkt. 18 (2 documents); Dkt. 19; Dkt. 23; Dkt. 29 (2 documents); Dkt. 38 (2 documents); Dkt. 52 (14 documents). As explanation, Hamzah says only that "[t]he administrative record, as currently compiled, is incomplete and does not fully reflect all evidence necessary for a fair adjudication of this matter." Dkt. 59, at 1. In his reply brief, he adds a further explanation, asserting that the agency "kept [him] in communication with lower-level personnel who failed to explain how to properly exhaust administrative remedies" and that the agency "offered no clear path to resolution, contributing to an incomplete and distorted record." Dkt. 61, at 2. I take Hamzah to be saying that the first and fourth reasons

2

for supplementation apply: that supplementation is necessary to consider whether the agency considered all relevant factors and explained its decision, and that the agency engaged in bad faith.

I will allow Hamzah to supplement the administrative record with the documents in Dkt. 18-1, Dkt. 18-2, Dkt. 38, and Dkt. 38-1. These are screenshots from Hamzah's debt resolution account with the department, which list the ID number and the current amount owed for each of the allegedly fraudulent loans. The department says that these documents are irrelevant to Hamzah's claims because Hamzah does not contest the amount of the loans. But that's not why Hamzah wants these documents included. Hamzah says that in determining that his loans were not fraudulent, the agency did not consider that the debt ID and the amount of the loans do not match the promissory notes he signed. The department had access to this information because the screenshots Hamzah provides are from his account with the department. But there are no documents within the administrative record that list the ID numbers for each of the loans at issue.[1] I conclude that these are necessary for the court to review whether the agency considered all the relevant factors in determining that Hamzah's loans were not fraudulent.

I will not allow Hamzah to add any of the other documents to the administrative record. Some of these documents are letters and motions created for this litigation that postdate the department's administrative decisions in February and April 2022. Dkt. 19; Dkt. 23; Dkt. 38-2. Materials that postdate an agency decision could not have been considered by the agency and

---

[1] There are already documents within the administrative record listing the amounts of the loans. Hamzah supplied that information in his application asking the department to discharge his loans. Dkt. 15, at 7–8.

are thus not properly part of the administrative record. *Sokaogon Chippewa Cmty. (Mole Lake Band of Lake Superior Chippewa) v. Babbitt*, 929 F. Supp. 1165 (W.D. Wis. 1996) ("Courts are precluded from considering evidence that the agency never had a chance to review."). Hamzah says that these are necessary because they show that he exhausted his administrative remedies and because they explain the "true nature" of his dispute with the Department. But Hamzah does not need letters that postdate the department's final administrative decision to show that he exhausted his administrative remedies. Nor does he need these letters to explain the dispute; he can do that in his brief at summary judgment.

The other documents are communications between Hamzah and third parties the University of Minnesota, Great Lakes Educational Loan Services, and Nelnet, along with emails the department sent Hamzah in 2019, 2020, and 2021 concerning a separate application Hamzah made for administrative discharge of his student loans. Many of the third-party communications postdate the administrative decision, so I will deny Hamzah's motion to include them for that reason. As for the other documents, the department contends that these are not relevant to the administrative decision at issue in the case and that Hamzah has no evidence that the department considered these documents in making its decision. Hamzah did not respond to these arguments on reply. I conclude that Hamzah has not made the required showing that these documents are relevant or that the agency considered them, so I will not allow Hamzah to include them in the administrative record.

Finally, Hamzah seeks to supplement the record with "[a]ll other letters, email correspondence and general documentation not mentioned herein concerning the US Department of Ed, Great Lakes and Nelnet with the Plaintiff on Docket in the above captioned matter." Dkt. 59, at 2. Hamzah has not identified these documents, much less made the

4

required showing for supplementation. I will deny the motion for supplementation for these unidentified documents.

ORDER

IT IS ORDERED that plaintiff Sharif Hamzah's motion to supplement the administrative record, Dkt. 59, is GRANTED for the documents at Dkt. 18-1, Dkt. 18-2, Dkt. 38, and Dkt. 38-1. The motion is otherwise DENIED.

Entered April 21, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge